# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TONYA ATKINSON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10 CV 350 |
| ) | |
| P&G-CLAIROL, INC., ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant P&G-Clairol, Inc. ("Clairol") has moved to dismiss Counts II, III, and IV of plaintiff's complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). (DE # 7.) Plaintiff, Tonya Atkinson ("Atkinson"), has filed a response (DE # 10), and Clairol has filed a reply. (DE # 11.) In brief, Atkinson has alleged that Clairol's hair care product, Clairol/Textures & Tones, burned her scalp, causing extensive and permanent injuries. (DE # 1 ¶¶ 1-2.) Atkinson pleaded claims of strict liability (Counts I and IV), breach of express and/or implied warranties (Count II), and negligence (Count III).

Clairol argues that all of Atkinson's claims arise from the hair care product and should be consolidated under the Indiana Product Liability Act ("IPLA") because in Indiana a plaintiff can only bring a single cause of action under the IPLA for injuries caused by a product. (DE # 7 at 1-2.) Accordingly, it contends that Atkinson's second claim of strict liability and her negligence claim should be dismissed. (*Id.*) Further, Clairol argues that Atkinson's claim for breach of express and/or implied warranties, as pleaded, should be dismissed because it sounds in tort and therefore is superseded by the IPLA. (*Id.* at 2-3.)

Atkinson responds that her claims for negligence and strict liability, Counts III and IV, should not be dismissed but rather merged with her claim for strict liability stated in Count I. (DE # 10 at 3.) She argues that her claim for breach of express and/or implied warranties, Count II, should not be deemed supplanted by the IPLA and dismissed because it was brought under Indiana's Uniform Commercial Code ("UCC") and sounds in contract, not tort. (*Id.* at 3-4.)

Clairol counters that Count II sounds in tort rather than in contract. (DE # 11 at 2.) It states that in Count II, Atkinson pleaded that Clairol is "strictly liable for violation of any and all express and/or implied warranties." (DE # 1 ¶ 9.) It also points out that Atkinson is requesting punitive damages and damages from personal injuries, not contractual damages, for this claim. (DE # 11 at 2.) Therefore, it argues that this count is simply another iteration of Atkinson's strict liability claim. (*Id.*) It continues that even if Atkinson's claims are contractual, she cannot bring claims of breach of an express warranty or breach of an implied warranty of fitness for a particular purpose because she has not pleaded that she was in privity of contract as required for these claims. (*Id.* at 2-3.)

When considering a RULE 12(b)(6) motion to dismiss the court accepts all of "the complaint's well-pleaded allegations as true" and draws "all favorable inferences for the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). To satisfy RULE 8(a), the statement "need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Supreme Court has held that to survive a motion to dismiss, a complaint must be plausible on its face, meaning that the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this standard, a complaint must go beyond providing "labels and conclusions," and "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). In other words, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

  A.  *Counts I, III, and IV*

The IPLA governs "all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." IND. CODE § 34-20-1-1. Clairol argues that because Atkinson can only bring one claim under the IPLA, Counts III and IV should be dismissed. However, Atkinson is correct that it is more proper for her claims of strict liability and negligence to be merged into one claim under the IPLA. *Am. Int'l Ins. Co. v. Gastite*, No. 1:08-cv-1360, 2009 U.S. Dist. LEXIS 41529 at *12 (S.D. Ind. May 14, 2009); *Bourne v. Marty Gilman, Inc.*, No. 1:03-cv-1375, 2005 U.S. Dist. LEXIS 15467 at *9 n.2 (S.D. Ind. July 20, 2005);

3

*Henderson v. Freightliner, LLC*, No. 1:02-cv-1301, 2005 U.S. Dist. LEXIS 5832, at *9 (S.D. Ind. Mar 24, 2005); *Tungate v. Bridgestone Corp.*, IP 02-0151-C, 2004 U.S. Dist. LEXIS 6289, at *17 (S.D. Ind. Mar. 26, 2004). Therefore, Atkinson's claims of negligence and strict liability in Counts I, III, and IV will be incorporated to form one products liability claim under the IPLA.

    B.    *Count II*

There are two issues involved in determining whether Atkinson's claim for breach of implied and express warranties should survive a motion to dismiss. The first issue is whether a claim of breach of an implied warranty is supplanted by the IPLA. The Supreme Court of Indiana has noted that it has "never addressed whether the [IPLA] preempts warranty-based theories of recovery for physical harm, but several federal district courts and other panels of the [Indiana] Court of Appeals have held that tort-based breach-of-warranty claims have been subsumed into the [IPLA]." *Kovach v. Midwest*, 913 N.E.2d 193, 197 (Ind. 2009). In *Kovach*, the district court found that the "[UCC] and [IPLA] provide 'alternative remedies,' and it therefore entertained all four of the [plaintiffs'] claims as separate theories." *Id.* (citing *Kovach v. Alpharma, Inc.*, 890 N.E.2d 55, 67 (Ind. Ct. App. 2008). The Supreme Court of Indiana did not resolve the issue of the relationship between the UCC and IPLA, deciding the case on a different issue. *Kovach v. Midwest*, 913 N.E.2d at 197.

As the Supreme Court of Indiana observed, district courts within the bounds of the Seventh Circuit Court of Appeals have found that the IPLA supplants breach of

4

implied warranty claims. *See e.g., Henderson*, 2005 U.S. Dist. LEXIS 5832, at *9; *Gardner v. Tristar Sporting Arms*, No. 1:09-cv-671, 2010 U.S. Dist. LEXIS 97188, at *6-7 (S.D. Ind. Sept. 15, 2010). District courts and Indiana appellate courts have clarified that while breach of implied warranty claims that sound in tort are redundant with strict liability claims under the IPLA, "claims under the IPLA are independent from breach of warranty claims alleged under Indiana's adoption of the [UCC]."[1] *Cincinnati Ins. Cos. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 4:05-cv-49, 2006 U.S. Dist. LEXIS 9807, at *8 (N.D. Ind. Feb. 7, 2006); *Gastite*, 2009 U.S. Dist. LEXIS 41529, at *7 n.1 (stating that "[a]lthough the IPLA provides a single cause of action for a user seeking to recover in tort" for harm caused by a defective product, "a plaintiff may maintain a separate cause of action under a breach of warranty theory" because "[t]he adoption of the IPLA did not invalidate the provisions of the UCC."); *Hitachi Constr. Mach. Co. v. Amax Coal Co.*, 737 N.E.2d 460, 465 (Ind. Ct. App. 2000) (quoting *B & B Paint Corp. v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1020 (Ind. Ct. App. 1991)) ("The UCC and the [IPLA] provide alternative remedies. The adoption of the [IPLA] did not vitiate the provisions of the UCC."). An Indiana appellate court has explained that "a breach of warranty claim should be treated as a contractual claim when it is not merely an incorrectly labeled strict product liability claim." *B & B Paint Corp.*, 568 N.E.2d at 1019.

---

[1] In some of its earlier versions, the IPLA specified that it was not meant to affect warranty actions under the UCC. *Spangler v. Sears, Roebuck & Co.*, 752 F. Supp. 1437, 1449 (S.D. Ind. 1990) (citing *Thiele v. Faygo Beverage, Inc.*, 489 N.E.2d 562, 583-84 (1986)).

5

Additionally, the Supreme Court of Indiana has delineated the damages available under contract and tort law for a defective product, holding:

> Indiana law under the [IPLA] and under general negligence law is that damage from a defective product or service may be recoverable under a tort theory if the defect causes personal injury or damage to other property, but contract law governs damage to the product or service itself and purely economic loss arising from the failure of the product or service to perform as expected.

*Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 153-54 (Ind. 2005). The fact that the Supreme Court of Indiana has established that different damages are available under tort and contract law for a defective product bolsters the argument that a defective product can give rise to claims under both the IPLA and the UCC. This court will follow the many state and federal decisions finding that the IPLA supplants tort-based, but not contract-based claims for breach of implied warranty.

The next point to resolve is whether Atkinson's claim of breach of implied warranty sounds in tort or contract. Atkinson has claimed that Clairol's product was subject to implied warranties and that the product "was not fit for the purposes for which it was sold[2] and said Clairol/Textures & Tones could not be safely utilized as

---

[2] Clairol characterizes Atkinson's Count II as stating a claim for breach of the implied warranty of fitness for a particular purpose. (DE # 11 at 2-3.) However, her allegations seem more likely to support a claim of breach of the implied warranty of merchantability. Atkinson alleges that there were "implied warranties that the Clairol/Textures & Tones product would be fit and proper for the *purpose for which it was sold*." (DE # 1 ¶ 8) (emphasis added.) In order for goods to be merchantable they must be fit for the ordinary purposes for which such goods are used. IND. CODE § 26-1-2-314. In contrast, an implied warranty of fitness is created when the seller "at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to

intended, all in breach of express and implied warranties that the Clairol/Textures & Tones product would be fit and proper for the purpose for which it was sold." (DE # 1 ¶ 8.) She continues that Clairol is "strictly liable for violation of any and all express and/or implied warranties." (DE # 1 ¶ 9.) She then requests "reasonable compensatory damages" and punitive damages. (*Id.*)

In Count II, Atkinson has pleaded enough for a contract-based claim of breach of implied warranty because she alleges that the product was subject to an implied warranty and that the warranty was breached because the product was unsuitable for the purpose for which it was sold. *See e.g., Cincinnati Ins. Cos.*, 2006 U.S. Dist. LEXIS 9807, at *12. Through a contract-based breach of implied warranty claim, Atkinson can pursue damages for the cost of the product and economic loss from the failure of the product. *Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 952 n.4 (Ind. 2005). In Count II, Atkinson did not ask to recover for the cost of the product and she did not limit her damages to economic loss. However, Atkinson was not "required to delineate in the Complaint [her] damages to make it clear that the sought after damages included the return of the purchase price of the [product]." *Id.* Although Atkinson will only be able to recover the cost of the product and pure economic loss

---

select or furnish suitable goods." IND. CODE § 26-1-2-315. Atkinson's use of the phrase "the purpose for which it was sold" indicates that she is only claiming that the goods were not fit for their ordinary purpose. She does not mention anything about her own intended use for the product or any reliance on Clairol's skills or judgment. Therefore, her claim appears to be a claim for breach of the implied warranty of merchantability. *Cf. Gastite*, 2009 U.S. Dist. LEXIS 41529, at *11.

7

under a contract -based breach of warranty claim, *Allstate Ins. Co. v. Hennings*, 827 N.E.2d 1244, 1250 (Ind. Ct. App. 2005), the fact that she requested punitive damages under this count does not automatically render the claim one that sounds in tort when she has also pleaded a contract-based claim.

The second issue is whether Atkinson's breach of implied and express warranty claim should be dismissed due to her failure to plead vertical privity between herself and Clairol.[3] Vertical privity is not required for a claim of breach of the implied warranty of merchantability even if that claim sounds in contract. *Goodin*, 822 N.E.2d at 959. Still, vertical privity is required for claims of breach of express warranty and breach of implied warranty of fitness for a particular purpose. *Pizel v. Monaco Coach Corp.*, 364 F. Supp. 2d 790, 793 (N.D. Ind. 2005) (stating that the holding in *Goodin* was limited to abolishing the vertical privity requirement for claims of breach of the implied warranty of merchantability); *Hunt v. Unknown Chem. Mfr. No. One*, No. IP 02-389-C, 2003 U.S. Dist. 20138, at *34-35 (S.D. Ind. Nov. 5, 2003) (stating that "a

---

[3] In *Goodin*, the Supreme Court of Indiana succinctly explained vertical and horizontal privity:

> Simply put, vertical privity exists only between immediate links in a distribution chain. A buyer in the same chain who did not purchase directly from a seller is 'remote' as to that seller. 'Horizontal' privity, in contrast, refers to claims by nonpurchasers, typically someone who did not purchase the product but who was injured while using it.

822 N.E.2d at 952 (internal citations omitted). The Court explained that vertical privity "typically becomes an issue when a purchaser files a breach of warranty action against a vendor in the purchaser's distribution chain who is not the purchaser's immediate seller." *Id.*

plaintiff bringing a breach of implied warranty of fitness for a particular purpose claim under IND. CODE § 26-1-2-315 must show privity of contract"); *Davidson v. John Deere & Co.*, 644 F. Supp. 707, 713 (N.D. Ind. 1986) (finding that the plaintiff did not have a claim for breach of express warranty because "[p]rivity has not been abrogated as a requirement in contract actions for breach of warranty"); *cf. In re 2005 United States Grand Prix*, 461 F. Supp. 2d 855, 860-61 (S.D. Ind. 2006) (dismissing the plaintiffs' claims for breach of contract because they were "neither parties to nor in privity with any of the third-party contracts they [sought] to enforce").

Generally, privity extends only to the contract of sale. *Hunt*, 2003 U.S. Dist. 20138, at *35. Thus, in most cases "manufacturers or wholesalers who sell to retailers are not liable for warranties the retailer makes to the ultimate buyer." *Id.* Even more, under Indiana law, an express warranty is created when a seller presents an affirmation of fact, a promise, a sample, a model, or a description of goods to the buyer that is made part of the basis of the bargain between the seller and the buyer. IND. CODE § 26-1-2-313 (2010).

Atkinson has not pleaded sufficiently to show that she will be able to discover evidence to support a finding of vertical privity as required for claims of breach of express warranty and breach of the implied warranty of fitness for a particular purpose. Atkinson does not state from whom she bought the product. The complaint does not allege that she entered into any type of bargain or purchase agreement with Clairol. In order to have a claim for breach of express warranty or of the implied warranty of

9

fitness for a particular purpose, Atkinson would have had to show that she was in privity of contract with the person or entity who purchased the product from Clairol.

In sum, to the extent that any of Atkinson's claims for breach of warranty sound in tort, they are merged into her claim of products liability under the IPLA.[4] Atkinson has not pleaded contract-based claims of breach of express warranty or breach of the implied warranty of fitness for a particular purpose because she has not pleaded facts indicating that she was in privity with Clairol. Atkinson has sufficiently pleaded a contract-based claim of breach of the implied warranty of merchantability.

In conclusion, Clairol's motion to dismiss (DE # 7) is **DENIED** in part and **GRANTED** in part. Atkinson's claims of negligence and strict liability in Counts I, III, and IV are **INCORPORATED** to form one products liability claim under the IPLA. Any claims for breach of warranty that sound in tort under Count II are also **MERGED** into the products liability claim under the IPLA. Atkinson's claim for breach of implied warranty of merchantability in Count II survives in so far as it sounds in contract and Atkinson pursues the appropriate damages for a contractual claim. Atkinson's claim for breach of express warranty and any claim for breach of implied warranty of fitness for a particular purpose that sound in contract are **DISMISSED**.

                                          **SO ORDERED.**

Date: April 25, 2011

                                s/James T. Moody
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT

---

[4] Privity is not required for claims under the IPLA. IND. CODE § 34-20-2-2.